UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| EDWARD R. WHITTINGTON, | ) | CASE NO. C05-1899-RSL-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| NORM MALENG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an amended application for leave to proceed *in forma pauperis*. (Dkt. #1). By separate Order, the court has granted plaintiff leave to proceed *in forma pauperis*. Plaintiff is in custody of the Washington Corrections Center in Shelton, Washington. He names as defendants the prosecutor who tried him in state court, the prosecutor's supervisor, and the appointed counsel who represented him. For the reasons set forth below, the court recommends that plaintiff's complaint and this action be dismissed.

/ / /

REPORT AND RECOMMENDATION
PAGE -1

## DISCUSSION

Plaintiff alleges in his complaint that the prosecutor who tried him in state court, Ms. Corrin Bohn, requested a continuance on fraudulent grounds. (Complaint at 3). He further alleges that Ms. Bohn's supervisor, Norm Maleng, later instructed her to file a motion in state court that was also fraudulent. Finally, plaintiff alleges that his appointed counsel, Yvonne Curtis, denied him effective assistance of counsel by failing to discuss with him the possibility of a bench trial, as opposed to a jury trial, and also by failing to interview important witnesses. (*Id.*)

Prosecutors are generally shielded from liability in § 1983 actions when they are acting pursuant to their official role as advocate for the State, performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). In addition, prosecutorial immunity extends to situations where, as here, plaintiff alleges that the prosecutors misrepresented and mischaracterized the case against him. *See Fry v. Melaragno*, 939 F.2d 832, 838 (9th Cir. 1991). As the Ninth Circuit observed in *Fry*: "The proper forum for challenges to these allegedly improper actions is in the adversary proceedings where they take place, or if warranted, in professional disciplinary proceedings, not in a separate suit for damages."

In light of the immunity accorded prosecutors, plaintiff's claims against defendants Corrin Bohn and Norm Maleng should be dismissed. In addition, plaintiff's claim against his appointed counsel should also be dismissed. The United States Supreme Court has concluded that public defenders do not act under color of state law for § 1983 purposes when, as here, they are acting in their role of advocates. *Georgia v. McCollum*, 505 U.S. 42, 53 (1992). If plaintiff believes that he was denied effective assistance of counsel, then he may raise that claim in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## CONCLUSION

For the foregoing reasons, the court recommends that plaintiff's complaint and this action be dismissed on the grounds that plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii). In addition, the court recommends that this dismissal count as a "strike" under 28 U.S.C. § 1915(g). A proposed Order reflecting this recommendation is attached.

DATED this  1st  day of  December , 2005.

*(signature)*
Mary Alice Theiler
United States Magistrate Judge