UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| EDWARD R. WHITTINGTON, | ) | CASE NO. C05-1899-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL |
| NORM MALENG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is a Washington state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  A Report and Recommendation, issued by the undersigned United States Magistrate Judge and recommending dismissal of this action, is currently pending before the Honorable Robert S. Lasnik.  Plaintiff has filed objections to the Report and Recommendation (Doc. #9), and has moved for appointment of counsel. (Doc. #10). The motion for appointment of counsel has been referred to the undersigned. (Doc. #11).  Having reviewed plaintiff's motion for appointment of counsel and the balance of the record, the court does hereby find and ORDER:

    (1)    Plaintiff's motion for appointment of counsel (Doc. #10) is DENIED.  There is no

right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.

Plaintiff asserts in his one-page motion for appointment of counsel that he is indigent, has limited knowledge of the law, and has limited access to his prison's law library.  (Doc. #10 at 1).  While these allegations may all be true, plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims himself.  Accordingly, plaintiff has not demonstrated that this case involves exceptional circumstances that warrant appointment of counsel.

(2)   The Clerk is directed to send copies of this Order to plaintiff, counsel for defendants, and to the Honorable Robert S. Lasnik.

DATED this  4th  day of  January , 2006.

_____
Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL
PAGE -2